IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSANA WALTHER, | § § | |
| -vs- | § § § | CIVIL NO. SA-19-CV-01326-XR |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § | |

**ORDER**

On this date, the Court considered Plaintiff Rosana Walther's Motion to Remand (docket no. 11), and Allstate's Response in opposition. The Court will deny the motion.

Defendant Allstate removed this case, alleging diversity jurisdiction. This case is an action for recovery of uninsured motorist ("UIM") benefits under Texas law. The court previously issued a show-cause order directing Allstate to adequately allege diversity of citizenship, and Allstate properly responded with allegations supporting diversity of citizenship.

The Notice of Removal contends that the face of the petition demonstrates that the clam exceeds $75,000 insofar as the Original Petition alleges that "Plaintiff states the relief sued for is monetary relief over $100,000 but not more than $200,000 and all the other relief, at law or in equity, to which the plaintiff entitled." Plaintiff alleges that she sustained serious and painful bodily injuries as a result of an accident with a negligent, uninsured motorist, and that she seeks "recovery for [her] injuries and damages pursuant to the uninsured motorist coverage of [her[ insurance policy."

The Original Petition asserts a claim for breach of contract against Allstate for failure to pay insurance benefits, as well as reasonable attorney's fees, and extra-contractual claims under (1) the DTPA, for which Plaintiff seeks additional damages and mental anguish damages, and (2)

1

the Insurance Code for breach of the duty of good faith and fair dealing, for which she seeks punitive damages, and for violating the prompt payment provisions of the Code. Based on the allegations and claims in the Original Petition, the Court agrees with Allstate that it was facially apparent from the allegations in the petition that the amount in controversy exceeded $75,000 at the time of removal.

However, Plaintiff now moves to remand on the basis that Allstate has failed to demonstrate that the amount-in-controversy requirement has been met. Plaintiff asserts that, despite the allegation in the Original Petition that Plaintiff was seeking more than $100,000, it is in fact a "legal certainty" that Plaintiff cannot recover more than $75,000 in monetary damages because of the $30,000 bodily injury UIM policy limits. Along with the motion to remand, Plaintiff seeks leave to file an Amended Petition. Leave to file the Amended Petition is granted.

The Amended Petition drops the extra-contractual claims under the DTPA and Insurance Code and asserts only a declaratory judgment claim against Allstate for Plaintiff's "damages resulting from the motor vehicle collision of October 1, 2016." Plaintiff seeks "property damages to his [*sic*] vehicle and all other damages suffered by Plaintiff." Plaintiff attaches the insurance policy, which states it has a $30,000 each person limit for bodily injury and a $50,000 limit for property damage for each accident.

The proposed Amended Petition includes the following language:

> While Plaintiff believes that the valuation of the damages is uniquely within the purview of the jury, Plaintiff is required by Rule 47 of the Teas Rules of Civil Procedure to give an amount which is being sued for. Plaintiff states that the relief sued for is monetary relief over $100,000 but not more than $200,000.00 and all the other relief, at law or in equity, to which Plaintiff is entitled. Notwithstanding Plaintiff's required jurisdictional statement, Plaintiff asserts that because of the $30,000 policy limits of the uninsured motorist benefit of the subject automobile policy . . . the value of the object of his litigation will not exceed $75,000.00 and Plaintiff is not seeking an amount in excess of $75,000.00.

2

Thus, even in the Amended Petition, Plaintiff alleges that she is suing for monetary relief in excess of $100,000, though she then makes the contradictory statement that she is not seeking an amount in excess of $75,000.

Plaintiff contends that, because her damages under the policy are limited to $30,000 for bodily injury, it is a legal certainty that she cannot recover more than that, and the amount in controversy will not exceed $75,000. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the plaintiff originally alleged damages above the minimum amount in state court but amended the complaint in federal court to state less than the required amount, and the Supreme Court held that the subsequent amendment could not strip the federal court of jurisdiction, provided that the original claim was made in good faith. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (discussing *St. Paul Mercury*). The "legal certainty" test was articulated in the Court's more general discussion of jurisdiction:

> The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of the suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury*, 303 U.S. at 288–90 (footnotes omitted).

Thus, although Plaintiff alleged an amount and claims demonstrating that the amount in controversy exceeded $75,000 in the original petition, to succeed on the "legal certainty" claim,

Plaintiff must show that her claim was to a legal certainty less than $75,000. To succeed, the face of the pleadings (the original petition) must show to a legal certainty that the plaintiff cannot recover the amount claimed, or the court must be satisfied to a legal certainty based on proof that the plaintiff never was entitled to recover the amount necessary to make the claim colorable for the purpose of conferring jurisdiction.

Nothing on the face of the original petition shows to legal certainty that Plaintiff could not recover more than $75,000. The amount of UIM coverage was not stated on the face of the pleading and, as noted, Plaintiff also sought attorney's fees and asserted extra-contractual claims that included additional and punitive damages. Thus, nothing on the face of the original petition demonstrates to a legal certainty that Plaintiff could not have recovered more than $75,000 at the time of removal. Rather, the claims asserted (breach of contract and extra-contractual), along with the assertion that the amount of relief sought exceeded $100,000, demonstrated that the amount-in-controversy threshold was satisfied.

Thus, Plaintiff must rely on other proof. The only proof that Plaintiff now asserts establishes that the amount in controversy could not exceed $75,000 is the UIM policy, coupled with the amended petition that drops the extra-contractual claims. However, an amended petition filed after removal that alters that claims asserted cannot strip the Court of jurisdiction once established. Thus, the only issue is whether the fact that the UIM policy limits bodily injury coverage to $30,000 means that Plaintiff, to a legal certainty, could not recover in excess of $75,000 based on the claims as asserted in the Original Petition. The Court does not find that to a legal certainty.

In addition to the $30,000 for bodily injury, Plaintiff could recover up to $50,000 for property damages under the UIM contract (Plaintiff expressly pleads for "property damages to

his vehicle" in an unspecified amount), in addition to the claimed additional damages and punitive damages sought under the DTPA and Insurance Code. Thus, the fact that the UIM policy limits bodily injury coverage to $30,000, when viewed along with the claims in the original petition, fails to demonstrate to a legal certainty that, at the time of removal and based on the Original Petition, Plaintiff could not recover more than $75,000. Rather, when a Plaintiff drops claims in order to attempt to demonstrate "legal certainty," that simply falls under the rule that post-removal amendments to the pleadings cannot strip the federal court of jurisdiction once established; it does not establish that the amount in controversy at the time of removal did not exceed the threshold to a legal certainty. Plaintiff's motion to remand must be denied.

## Conclusion

Plaintiff's Motion to Remand (docket no. 11) is DENIED.

Plaintiff's Motion for Leave to File Plaintiff's First Amended Original Complaint (docket no. 10) is GRANTED. The Clerk shall file the Amended Complaint.

Defendant's Motion to Dismiss (docket no. 3), which was directed to the claims pled in the Original Petition, is DISMISSED AS MOOT in light of the filing of the Amended Complaint.

It is so ORDERED.

SIGNED this 27th day of January, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE